MANUFACTURERS HANOVER TRUST Co., as Collateral
Trustee and Agent, Plaintiff

v.

M/V TIFAIMOANA, Official No. 610466, Its Masts,
Boats, Anchors, Cables, Chains, Rigging, Tackle,
Furniture, Engines, Equipment, and all Other
Necessaries Appertaining Thereto, Defendants

High Court of American Samoa
Trial Division

CA No. 113-85

January 19, 1988

---

Before REES, Chief Justice.

Counsel: For Plaintiff, Roy J.D. Hall, Jr.

On Second Motion for Summary Judgment:

This motion, styled a "motion for summary judgment," appears to be in the nature of a motion for an amendment to the judgment awarded on February 21, 1986.

The existing judgment is for $4,880,461.14 plus interest from December 31, 1985 at the rate of 11.8%.

The judgment now requested would be for an amount in excess of $17,059,926.82.

Although the Court is not entirely sure it understands all the reasons for the difference between these two amounts, or why the plaintiff chose to proceed by motion for summary judgment rather than by motion for an amended judgment, the nub of the issue seems to be that "the plaintiff is now in a position to accelerate the amounts that would otherwise become due in the future so that the sale can go forward on a basis that will discharge all the debt secured by the mortgage." It has not been established to the satisfaction of the Court, however, that this relief was requested in the Complaint in Rem. Even on the assumption that this item was comprehended either in the general prayer for "a sum not less than $11,072,000" or within the other requested items (interest, certain expenses advanced by plaintiff,

19

costs, and attorney fees), we are left with the question whether the contract debt was merged into the 1985 judgment. If so, the debt is now defined by the terms of the judgment rather than by those of the contract, and the only amounts that have come due since the date of judgment are for post-judgment interest.

We need not reach this question at this time, however, since no notice of the motion now before us was given to any interested party. It is arguable, as plaintiff contends, that when an action is in rem and there are no intervenors no party need be notified even of an extraordinary motion such as this one. We note, however, that during October 1987 a number of interested parties were served with documents indicating that plaintiff was moving to sell the vessel in order to satisfy its judgment. The gist of these documents seems to have been that the judgment to be satisfied would be for about $5 million and that other debts, ownership interests, etc., would be subordinate to this judgment. Such notice, together with the absence of any advance notice of the requested change in the amount of the judgment debt to $17 million, might well induce detrimental reliance by the parties to whom it was given.

We therefore decline to rule on the motion for summary judgment at this time.

It is suggested that counsel for plaintiff reset the motion with notice to everyone who was notified of the pending sale, and be prepared to address the questions whether the requested relief was comprehended in the complaint and whether the contract debt was merged into the original judgment debt.